UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN L. BUCKLEY**, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No:21 CV 3900** |
| | ) | |
| vs. | ) | |
| | ) | |
| **UPS SUPPY CHAIN SOLUTIONS, INC., d/b/a/ UPS ADDISON HUB,** | ) ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

**COMPLAINT**
**AS AND FOR A FIRST COUNT OF ACTION**
**(Title VII-RACE DISCRIMINATION)**

**Nature of the Action**

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1990 ("ACT"), for the Defendant, **UPS SUPPLY CHAIN SOLUTIONS, INC., d/b/a/ UPS ADDISON HUB** ("UPS" or Defendant) having subjected Plaintiff, **KEVIN L. BUCKLEY**, hereinafter ("BUCKLEY" or "Plaintiff") to race discrimination (hostile environment-disparate treatment), despite BUCKLEY complaints about same.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Eastern Division.

## PARTIES

4. BUCKLEY is a Black male of who is a resident of Aurora, Kane County, Illinois.

5. BUCKLEY was an employee of UPS.

6. At all times relevant, the UPS, has been and is a for profit Delaware Corporation doing business in Illinois.

7. UPS is an employer as that term is defined under the Title VII of the Civil Rights Act of 1964 as amended, at all times material to the allegations herein.

8. UPS is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

9. Despite UPS listing itself as an equal employment company and having a policy against Discrimination to minorities, UPS intentionally discriminated against BUCKLEY based on his race because of the excessive discipline compared to other employees not in BUCKLEY's protected class.

10. This action brought against the Defendant, UPS having subjected Plaintiff, BUCKLEY to race discrimination by failure to treat him the same as non-Black employees and allowing him to be subjected to racial harassment (hostile work environment) despite BUCKLEY complaints about same.

11. Defendant by its action or actions of its agents, prior to BUCKLEY' caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's employment and Plaintiff performance in his job by failing to treat him the same in terms and conditions of employment including discipline, as non-

Black employees, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter</u> <u>alia</u> the Civil Rights Act of 1991.

12. By reason of the race discrimination and disparate treatment by Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

13. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

14. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed, under the ACT. (See Exhibit ("A")

15. On April 26, 2021, Plaintiff was sent a notice from the Department of Justice of her right to bring this action (See Exhibit "B"), and Plaintiff timely filed this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For injunctive relief, and relief required to make Plaintiff whole so there are no future retaliations or blocked opportunities and for any losses caused by the violations of Defendant;

3. For actual damages, lost wages, from wrongful termination and compensatory damages of $300,000.00 for each count set forth above;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the

3

Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

                    KEVIN L. BUCKLEY

              BY:**/s/ Michael T. Smith**
                    Michael T. Smith
                    Trial Attorney

Michael T. Smith #6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099